(No. 54848.—)

CATERPILLAR TRACTOR COMPANY, Appellant and Cross-Appellee, v. THE INDUSTRIAL COMMISSION *et al.* (Lee A. Anderson, Appellee and Cross-Appellant).

*Opinion filed March 16, 1982.*

Robert F. Fahey, of Peoria, for appellant and cross-appellee.

Charles W. Kohr, of Mathis, Sloan, Littler & Kohr, and Glenn J. Church, Ltd., both of Peoria, for appellee and cross-appellant.

JUSTICE GOLDENHERSH delivered the opinion of the court:

On February 5, 1971, petitioner, Lee A. Anderson, while employed by respondent, Caterpillar Tractor Company, sustained an injury to his back and filed an application for adjustment of claim. A settlement contract was entered into providing for the payment of workmen's compensation for the loss of use to the extent of 20% of petitioner's left leg and 17½% of his right leg. The Industrial Commission approved the settlement contract and a petition for lump sum payment.

Petitioner returned to work for respondent and on May 1, 1974, sustained an additional injury to his lower back and legs. A claim was filed for workmen's compensation. On June 19, 1975, an arbitrator for the Industrial Commission entered an award finding that petitioner was

entitled to temporary total compensation for a period of 55 1/7 weeks and that the disabling condition was temporary and had not yet reached a permanent condition. (Ill. Rev. Stat. 1973, ch. 48, par. 138.19(b).) On review the Industrial Commission affirmed the award.

Petitioner returned to work on September 29, 1975, and on October 3, 1975, suffered an accidental injury. The hearings to determine the condition of permanent disability resulting from the injury suffered on May 1, 1974, and the claim for compensation for the injury suffered on October 3, 1975, were consolidated. Evidence was heard on August 17, 1977, and May 3, 1978. On September 8, 1978, the arbitrator entered an award in the claim arising out of the occurrence on May 1, 1974, awarding petitioner compensation for the loss of 50% of the use of each leg. On the same day the arbitrator filed a decision of the claim arising out of the occurrence on October 3, 1975, awarding petitioner compensation for permanent and total disability.

On review the Industrial Commission modified the awards by setting aside the award for compensation for 50% of the loss of use of each leg. On *certiorari* the circuit court remanded the cause to the Industrial Commission for clarification of its decision. Subsequent to the filing of the Industrial Commission's amended decision the circuit court confirmed, respondent appealed, and petitioner cross-appealed. Respondent has since dismissed its appeal, and this matter is before us on petitioner's cross-appeal.

The effect of the order of the Industrial Commission was to merge the two awards of September 8, 1978, so that petitioner was awarded compensation for life for permanent and total disability. It is petitioner's contention that the decision of the Industrial Commission setting aside the award for the specific loss of 50% of the use of each of his legs was against the manifest weight of the evidence.

Petitioner's testimony shows that the injury on May 1, 1974, was caused by his being struck in the back by a power truck. When he returned to work on September 29, 1975, he was instructed to limit his lifting to not more than 30 pounds. He was assigned to work which required him to push, pull and lift motor heads which weighed as much as 150 pounds. He was turning a motor head on a conveyor when "something popped in the right side of [his] lower back."

Although at the hearing held on August 17, 1977, petitioner testified as to his condition shortly before the occurrence of October 3, 1975, the record contains no medical evidence which purports to define the permanent condition, at that time, of the earlier injury. In its decision setting aside the award of compensation for loss of use to the extent of 50% of each of petitioner's legs the Commission noted "that compensation for permanent disability as a result of said accidental injuries is awarded to the petitioner herein in [a companion case]." We conclude that in reaching this conclusion the Commission found that the disabling condition resulting from the injury of May 1, 1974, did not reach its permanent condition until after the occurrence of October 3, 1975.

On this record we are unable to say that the decision of the Commission is contrary to the manifest weight of the evidence. The judgment of the circuit court is therefore affirmed.

*Judgment affirmed.*